Franciszek Robert Skawinski

17224 S. Figueroa Street

Suite #B9839

Gardena, CA 90248

Telephone: 4245296998

E-mail address: franius8@o2.pl

FRANCISZEK ROBERT SKAWINSKI PRO SE

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Franciszek Robert Skawinski, | ) | Case No.: 1:20-cv-00164 |
| Plaintiff, | ) | Judge: Hon. Dabney L. Friedrich |
| vs. | ) | |
| Reason and Dignity of Man Ltd, | ) | |
| Defendant | ) | |
| | ) | |

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE**

It is respectfully requested that the time to file a new address for the Defendant be extended by 30 days.

The complaint in this case was filed by the Plaintiff on January 13, 2020. As the Plaintiff was proceeding *in forma pauperis* the court was obliged to order that service be made by a United States Marshal, see Fed. R. Civ. P. 4(c)(1) and the summons were forwarded to the Marshals Service on February 3, 2020, but they were unable to serve the Defendant. The Court issued a minute order directing the Plaintiff to file proof of service or establish good cause for failure to do so. The Plaintiff has not filed a response to that order and the time to serve the Defendant expired on 13 April, 2020, *see* Fed. R. Civ. P. 4(m).

The Plaintiff is making this motion to extend the time for service on the Defendant after the time has expired as the Plaintiff failed to act because of excusable neglect, *see* Fed. R. Civ. P. 6(b)(1)(B). "Generally, "excusable neglect" does not require counsel to have been faultless, and

Motion for extension of time to file response - 1

"inadvertence, mistake, or carelessness" can fall within the rule." *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 479 (D.C. Cir. 2016). The Supreme Court set forth four factors to consider whether the court should exercise its discretion to find neglect inexcusable: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *See Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380* (1993).

The risk of prejudice to the Defendant due to extending time to file a new address is very low. The Defendant has not yet been served and the breach of contract alleged by the Plaintiff is still recent. As such the statute of limitations has not yet expired and there is no such prospect in the near future.

The potential length of delay from granting this motion would a maximum of thirty days. In the Plaintiff's opinion this delay should not have a significant impact one the proceedings.

The reason for the Plaintiff's delay in filing a new address for the Defendant and timely filing a motion for extension of time is the ongoing COVID-19 pandemic. The Plaintiff received the letter from the Court containing a copy of the complaint and the Court's date stamp on February 15, 2020. He has not, however, received any further correspondence from the Court as he has temporarily left the United States and is unable to come back due to the suspension of flights caused by said pandemic. As the Plaintiff is outside the United States he is not able to use his current address with the Court.

The Plaintiff was aware of the fact that he is a party to a pending court case and submitted a motion for CM/ECF Password as soon as he was able to do so. The motion was granted by the Court on 25 March 2020, however all the documents relating to service have been filed before that date and the Plaintiff could only access them via PACER. After the motion was granted the Plaintiff received notice of all filings via e-mail and due to that he was able to respond when the order dismissing the case was filed on April 20, 2020.

The Plaintiff tried to activate his PACER account in order to check the current status of the case. He was able to make payment into his account using his personal credit card, however it was declined as a method of verification. The Plaintiff contacted PACER support and was informed that the only other method of verification is via an activation code delivered by post. Due to that the Plaintiff immediately requested an activation code to his foreign address

mentioned above. Unfortunately the postal service was forced to transport the letter by sea and the Plaintiff received it on April 22, 2020. Only after that date the Plaintiff was able to check the docket sheet and discovered documents #4-7 and the Court's minute orders dated March 10 and 25.

The Plaintiff acknowledges that he should have been aware of the court order or make arrangements for someone to receive mail on his behalf, however he has not done so and it was practically impossible for the Plaintiff to find out about the court orders delivered by mail.

The Marshals Service attempted service on February 5, 2020, but it was unable to serve the Defendant. Nonetheless the Plaintiff has acted in good faith and providing said address on the complaint form was not done in order to prolong the proceedings. As the Defendant received any mail sent to that address by the Plaintiff he had good cause for thinking that service of process at said address would also succeed. It is important to note the remarks provided on the process receipt and return form. They indicate that, at the address provided, the Defendant has a warehouse space similar to a P.O. box and confirm that the Plaintiff's belief was not unreasonable.

In addition the Plaintiff has used all of the methods available to him to try and access the court records. He immediately filed a motion for CM/ECF user password, however he was not able to access any of the documents through e-mail notifications as the motion reached the Court after all essential documents were filed. The Plaintiff also tried to activate his PACER account using his personal credit card and credit card of three members of his family, however they were all rejected as a method of verification despite the Plaintiff being able to make payments into his PACER account using them. Due to that the Plaintiff was forced to use the slowest method of verification – activation code by post.

Having in regard all of the above-mentioned arguments the Plaintiff believes that he has met all of the statutory requirements for extension of time by a motion filed after the expiry date and makes the request specified in this motion.

Dated this April 23, 2020

*Franciszek Robert Skawinski*

Motion for extension of time to file response - 3